Goldsmith *v.* Obermeier.

---

SOLOMON GOLDSMITH *v.* ISAAC OBERMEIER. (*a*)

Where the defendant employed the plaintiff to assist him in finding and procuring the purchase of a house—acknowledged that the services rendered were useful, and promised to pay for them ; *held*, that he was liable therefor; on a *quantum meruit*, although it was not proved distinctly, that the purchase was consummated by the plaintiff's agency.

One who employs another to aid in making a purchase, is liable to pay for the services rendered, although the purchase is not consummated, unless from the terms of the employment—either expressed or inferable from the circumstances—success was a condition of the claim for compensation.

Where the evidence, upon which a plaintiff, in the judgment of the appellate court, is clearly entitled to recover, is uncontradicted and unimpeached, a finding in disregard of the proof will be treated as founded in some erroneous view of the law applicable to the case.

APPEAL by the plaintiff from a judgment entered in the defendant's favor, by the Third District Court. The complaint was "for services rendered by the plaintiff, as the agent of the defendant, or in his employ, and at his special instance and request, in endeavoring to procure the purchase" of certain premises. A count was added, by way of amendment, claiming "the regular and legal per centage upon the purchase price of the premises." The answer was a general denial. The case and evidence are sufficiently stated in the opinion.

*Ambrose L. Pinney,* for the defendant.

*Thomas B. Barnaby,* for the plaintiff.

---

(*a*) See *Chilton* v. *Butler,* 1 E. D. Smith's Rep. 150.

By THE COURT. WOODRUFF, J.—We do not interfere with the finding of the court below, upon the mere ground that, upon the whole evidence, we think we should have come to a contrary conclusion. But where the evidence upon which the plaintiff is, in our judgment, clearly entitled to recover, is uncontradicted and unimpeached, we are warranted in saying that a finding, in total disregard of the proof, must be founded in some erroneous view of the law applicable to the case made out by the plaintiff.

Here the plaintiff proved an employment by the defendant, or at least a full and unequivocal recognition of an original employment, and an actual calling upon the plaintiff by the defendant, and procuring him to render further services; the actual devotion by the plaintiff of his time, labor, and attention for the defendant's benefit, and in aid of the purchase of his house; and a distinct promise by the defendant that he would pay him well for the services which he admitted the plaintiff had rendered.

Upon this evidence, remaining uncontradicted, it is difficult to discover upon what ground the court below gave judgment for the defendant.

The argument of the respondent warrants the apprehension that the judgment was rendered upon a finding that the plaintiff did not actually effect a contract of purchase, and therefore was entitled to nothing for the labor and services actually rendered.

No doubt, when a broker is employed to effect a sale at a sum limited or assented to, or to procure a purchaser, and either by the terms of the employment, or its nature, it appears that his commissions are to depend upon his success, he must prove that he effected the bargain, or was prevented only by some act or default of the employer, or that the employer availed himself of the services rendered to effect the purchase or sale himself.

But if it be conceded in this case that as the purchase was not actually concluded by the plaintiff, he is not to be deemed entitled, upon the ground of his success therein (which upon

the whole evidence is not very clear, since the defendant did in fact secure and purchase one of the houses which the plaintiff was negotiating for in his behalf); still, in the absence of any proof regarding the terms of his employment, the plaintiff was entitled to recover upon the defendant's express promise to pay him well for what he had done, and for what, by the express request of the defendant, he continued to do on his behalf.

He was entitled to receive *quantum meruit*, and so, as matter of law, upon the uncontradicted evidence, the court below should have found. The amount to which he was entitled is not so clearly shown, without conflict of evidence, that we think it safe to order judgment for a sum certain, unless the defendant elects to have judgment against him for the lowest amount named.

The judgment must be reversed, with costs, unless the respondent prefers to terminate the litigation by consenting that the judgment be modified by converting it into a judgment for the plaintiff for $37 50, with costs, and serves such consent within five days upon the attorney for the plaintiff.

Ordered accordingly.